IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| NMN CONSULTANTS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 2015 |
| v. | ) | |
| | ) | |
| PATRICE PASH and URGENT CARE | ) | |
| INTEGRATED CONSULTING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

NOW COMES Plaintiff, NMN CONSULTANTS, LLC, by and through its attorneys, Hinshaw & Culbertson LLP, and for its Complaint against Defendants, PATRICE PASH and URGENT CARE INTEGRATED CONSULTING, LLC, states as follows:

## GENERAL ALLEGATIONS

### The Parties

1.      Plaintiff, NMN CONSULTANTS, LLC ("NMN"), is a limited liability company organized and in good standing under the laws of the State of Illinois with its principal place of business located at 8777 Velocity Drive, Machesney Park, IL 61115.

2.      Defendant, PATRICE PASH ("Pash"), is a resident of Winnebago County, Illinois who resides at 4578 Galleon Drive, Loves Park, IL 61111.

3.      Defendant, URGENT CARE INTEGRATED CONSULTING, LLC ("UCIC"), is a limited liability company organized under the laws of the State of Arizona and maintains an office at 7332 E. Butherus Dr., Hangar 1, Scottsdale, AZ 85260.

## Jurisdiction and Venue

4.      This Court has subject matter jurisdiction over the action for copyright infringement based on 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. § 101 et seq.

5.      This Court has supplemental jurisdiction over the remaining Counts of this Complaint based on 28 U.S.C. § 1367(a) because the remaining Counts are so related to the copyright infringement action that they form part of the same case or controversy.

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(a), because, among other reasons, Pash and UCIC are subject to personal jurisdiction in this district and a substantial part of the events giving rise to the claim in this action occurred in this district.

## Factual Background

7.      NMN is in the business of providing consulting services for individuals and businesses involved, or contemplating becoming involved, in the urgent care industry.

8.      From approximately April 2, 2003 through January 5, 2015, Pash was a full-time employee of PV Services Group, LLC and its predecessors ("PV Services"), a professional employer organization affiliated with NMN which provides staffing and payroll services to NMN.

9.      While Pash was employed with PV Services, Pash served as an employee and agent for NMN in relation to NMN's consulting business.

10.     NMN is the author and owner of several manuals relevant to the urgent care industry and urgent care consulting industry, including but not limited to the following manuals (collectively referred to herein as the "Copyrighted Manuals"):

2

     a.     *Accreditation Policy and Procedure Guideline Manual: Comprehensive Policy & Procedures for Urgent Care in Accordance with Joint Commission Standards*;

     b.     *Bloodborne Pathogens Manual*;

     c.     *Disaster & Recovery Manual*;

     d.     *Employee Handbook*;

     e.     *Sample Clinic and Operational Forms Manual*;

     f.     *HIPAA Manual*;

     g.     *Human Resources Manual*;

     h.     *Occupational Safety and Health Administration Manual*;

     i.     *Policy and Procedure Guideline Manual*;

     j.     *Clinic Safety and Emergency Management Manual*; and

     k.     *Training Manual.*

11.    The Copyrighted Manuals have been carefully developed by NMN and are important to NMN's success in its highly specialized and competitive business.

12.    Prior to or immediately after voluntarily resigning from her employment with NMN and PV Services effective January 5, 2015, Pash became an employee of UCIC, a company which competes with NMN in the urgent care consulting industry.

13.    Upon information and belief, Pash is presently employed with UCIC and serves as its Chief Operating Officer and as one of its consultants.

### COUNT I
### Copyright Infringement – 17 U.S.C. § 501

1-13.    NMN repeats, incorporates, and realleges the foregoing allegations contained in Paragraph Nos. 1 – 13 of the General Allegations as and for Paragraph Nos. 1 – 13 of this Count I as if fully set forth herein.

71170791v1 0968037

14.     NMN is the author and owner of a valid copyright in its Copyrighted Manuals since the fixation of the works, which occurred prior to 2014 for each of the various manuals, pursuant to the Copyright Act, 17 U.S.C. § 102.

15.     On March 12, 2015, NMN filed applications for copyright registration for its Copyrighted Manuals with the U.S. Copyright Office.

16.     Pash had access to NMN's Copyrighted Manuals in the course of her role as an employee and agent for NMN and PV Services, including in her role as Senior Consultant for NMN.

17.     On June 3, 2015, NMN discovered that Pash and UCIC are using and profiting from the use of certain manuals which are, in whole or substantial part, copies or derivative copies of certain of NMN's Copyrighted Manuals, including NMN's Human Resources Manual and its Occupational Safety and Health Administration Manual.  True and accurate copies of NMN's Human Resources Manual and Occupational Safety and Health Administration Manual are attached hereto and incorporated herein as **Exhibit A** and **Exhibit B**, respectively.

18.     On June 3, 2015, Pash sent an e-mail from her UCIC e-mail account to an individual she believed was a prospective customer seeking consulting services from UCIC, and attached a Human Resources Manual and an Occupational Safety and Health Administration Manual and passed them off as belonging to UCIC.  True and accurate copies of said Human Resources Manual and Occupational Safety and Health Administration Manual are attached hereto and incorporated herein as **Exhibit C** and **Exhibit D**, respectively.

19.     Upon information and belief, Pash and UCIC willfully or knowingly copied some or all of NMN's Copyrighted Manuals, without authorization, and did so in order to use the copied manuals in their consulting business.

4

20.    Pash's and UCIC's unauthorized copies are substantially similar to NMN's Human Resources Manual and Occupational Safety and Health Administration Manual, as they are only slightly changed and where much of the text and formatting remains substantially the same.

21.    When Pash and UCIC copied NMN's Copyrighted Manuals, they committed a substantial taking of each work within the Copyrighted Manuals.

22.    In copying, altering, distributing, and selling NMN's Copyrighted Manuals without authorization, Pash and UCIC infringed upon NMN's exclusive rights to reproduce and prepare derivative works based upon the Copyrighted Manuals under the Copyright Act, 17 U.S.C. § 106.

23.    NMN has been damaged by Pash's and UCIC's infringement, and Pash and UCIC have unjustly profited from their infringement, in an amount to be determined at trial.

WHEREFORE, Plaintiff, NMN CONSULTANTS, LLC, respectfully requests that this Court enter judgment in its favor and against Defendants, PATRICE PASH and URGENT CARE INTEGRATED CONSULTING, LLC, including an award of the following relief:

a.    Finding that Pash and UCIC have infringed NMN's copyrights in the Copyrighted Manuals;

b.    Granting a temporary restraining order, preliminary injunction, and permanent injunction prohibiting Pash and UCIC and all those acting in concert with them, from infringing NMN's copyrights in the Copyrighted Manuals, including by enjoining them from copying in whole or substantial part or preparing derivative works from NMN's Copyrighted Manuals, without NMN's authorization;

71170791v1 0968037

c.      Ordering Pash and UCIC to deliver to NMN's counsel all infringing copies and derivatives of the Copyrighted Manuals, in their possession or control, for destruction or other reasonable disposition as NMN shall see fit;

d.      Requiring Pash and UCIC to provide NMN an accounting for all profits acquired as a result of their use, distribution, and sale of unauthorized copies or derivatives of the Copyrighted Manuals;

e.      Requiring Pash and UCIC to immediately disclose to NMN all third parties that Pash and UCIC delivered manuals to that are derivative of the Copyrighted Manuals;

f.      Awarding NMN its damages (either actual or statutory at NMN's election) and Pash's and UCIC's profits as a result of Pash's and UCIC's infringement of NMN's copyrights;

g.      Awarding NMN its attorney's fees and costs in this action; and

h.      Awarding NMN such other and further relief as this Court deems just and appropriate.

## <u>COUNT II</u>
### Illinois Trade Secrets Act – 765 ILCS 1065/2 et seq.

1-23.   NMN repeats, incorporates, and realleges the foregoing allegations contained in Paragraph Nos. 1 – 23 of Count I as and for Paragraph Nos. 1 – 23 of this Count II as if fully set forth herein.

24.     There was in full force and effect at all times relevant hereto the Illinois Trade Secrets Act, 765 ILCS 1065/2 et seq.

71170791v1 0968037

25.  NMN has developed a customer list including relevant contact and other information about its customers, potential customers, and leads ("Customer List"), and NMN actively uses this information in the operation and marketing of its business.

26.  NMN has developed methods, techniques, and strategies relevant and significant to the urgent care industry, including but not limited to, sales, marketing, advertising, and consulting methods, strategies, and techniques (the "Confidential Information"), and NMN actively uses the Confidential Information in the operation and marketing of its business.

27.  The Customer List and Confidential Information developed and used by NMN in the operation of its business provide NMN a significant competitive advantage in the urgent care consulting industry, particularly because the Customer List and Confidential Information are not known to NMN's competitors or the public generally.

28.  The Customer List and Confidential Information were developed by NMN through the investment of significant time, effort, and expense, and they are all valuable, special, and unique assets of NMN that provide NMN with a significant competitive advantage. The Customer List and Confidential Information could not be duplicated by NMN's competitors without significant expenditure of time, effort, and expense.

29.  The Customer List and Confidential Information constitute trade secrets under the Illinois Trade Secrets Act, 765 ILCS 1065/2 et seq. in that they are sufficiently secret to derive economic value from not being known to other persons who could derive economic value from their disclosure, and they have been kept secret by NMN through reasonable measures and not disclosed except to its employees and representatives on a need to know basis.

7

30. Pash had access to and regularly used NMN's Customer List and Confidential Information in the course of her role as an employee and agent for NMN, including in her role as Senior Consultant.

31. Upon information and belief, Pash and UCIC misappropriated NMN's trade secrets, including but not limited to its Customer List and Confidential Information, and are using said trade secrets in the operation of a business which competes with NMN.

32. NMN has been damaged by the misappropriation and unauthorized use of its trade secrets including, but not limited to, by lost revenues and diminishment of the value of said trade secrets.

WHEREFORE, Plaintiff, NMN CONSULTANTS, LLC, respectfully requests that this Court enter judgment in its favor and against Defendants, PATRICE PASH and URGENT CARE INTEGRATED CONSULTING, LLC, including an award of the following relief:

a. Finding that NMN's Customer List and Confidential Information are trade secrets and that Pash and UCIC have misappropriated said trade secrets;

b. Granting a temporary restraining order, preliminary injunction, and permanent injunction prohibiting Pash and UCIC and all those acting in concert with them, from copying, using, distributing, and selling NMN's trade secrets;

c. Awarding NMN its damages and Pash's and UCIC's profits in misappropriating and using NMN's trade secrets in an amount to be proven at trial;

d. Awarding NMN punitive damages in an amount twice the compensatory damages awarded;

e. Awarding NMN its attorney's fees and costs in this action; and

8

f.    Awarding NMN such other and further relief as this Court deems just and appropriate.

**COUNT III**
**Breach of Fiduciary Duty owed to NMN Consultants, LLC**

1-32.    NMN repeats, incorporates, and realleges the foregoing allegations contained in Paragraph Nos. 1 – 32 of Count II as and for Paragraph Nos. 1 – 32 of this Count III as if fully set forth herein.

33.    A principal-agent relationship existed between NMN and Pash.

34.    NMN reposed trust in Pash by making her an employee and agent of NMN and promoting her to Senior Consultant, and Pash undertook such trust and assumed the duties and responsibilities of being an employee and agent of NMN.

35.    As an employee and agent of NMN, Pash owed NMN a fiduciary duty of loyalty, including, but not limited to, a duty to act in the utmost good faith and in the best interests of NMN and a duty to deal fairly and honestly with NMN.

36.    As part of her employment with and agency for NMN, including in her role as Senior Consultant, Pash had access to NMN's Copyrighted Manuals, Customer List, and Confidential Information.

37.    As previously alleged, Pash has misappropriated at least some of NMN's Copyrighted Manuals through her unauthorized copying, use, distribution, and sale of the Copyrighted Manuals.

38.    As previously alleged, upon information and belief, Pash has misappropriated NMN's Customer List and Confidential Information through her theft and unauthorized use and disclosure of the Customer List and Confidential Information.

71170791v1 0968037

39.     One of Pash's express duties as an agent for NMN and one of the main goals of her employment with and agency for NMN was to develop business opportunities and generate revenue for NMN and its affiliates, including, but not limited to, working with and providing consulting services to customers and potential customers involved in the urgent care industry or looking to become involved in the urgent care industry, and also referring them to NMN's affiliates for urgent care software and billing services.

40.     While employed with and acting as an agent for NMN, Pash solicited NMN's potential customers, David Husted, M.D., Daniel Husted, M.D., and Gregory Huber, M.D. (collectively "Husted ") who had contacted NMN regarding consulting services for the urgent care industry and were considered "leads" for potential business for NMN, and offered to and actually did provide them consulting services through her own consulting business thereby diverting the business of said customers away from NMN.  Further, while employed with NMN, Pash prepared a "Prospective Business Plan" dated October 1, 2014 for Husted using company resources of NMN and its affiliated companies.

41.     Pash hid the business opportunity from NMN and performed said services for Husted without NMN's knowledge or consent.  NMN did not receive any compensation or benefit from the provision of said services by Pash to NMN's potential customers.

42.     Although employees and agents for NMN have an express obligation to refer and direct customers and potential customers of NMN to its affiliates for urgent care software services and urgent care billing services, Pash failed to do so and, upon information and belief, referred or directed Husted to competitors of NMN and its affiliates.

71170791v1 0968037

43.     Pash breached her fiduciary duty of loyalty to NMN while employed with and acting as agent for NMN, including but not limited to the following improper actions and omissions:

    a.      misappropriating NMN's Copyrighted Manuals, Customer List, and Confidential Information for her own purposes and for the purposes of her new employer, UCIC;

    b.      using company resources of NMN and its affiliated companies to further her own interests and the interests of NMN's competitors to the detriment of the interests of NMN and its affiliated companies;

    c.      usurping corporate opportunities including, but not limited to, diverting the business of customers and potential customers of NMN to her own consulting business and to UCIC;

    d.      failing or refusing to refer customers and potential customers of NMN to its affiliates, and upon information and belief, directing or referring customers and potential customers of NMN to competitors of NMN's affiliates;

    e.      failing to disclose to NMN and actively concealing from NMN the services she was providing to customers and potential customers on her own or for competitors such as UCIC without obtaining any benefit for NMN or its affiliates;

44.     As a direct and proximate result of Pash's breaches of her fiduciary duties owed to NMN, NMN has suffered damages and is likely to suffer additional damages in the future.

45.     Pash's conduct was wilful, wanton, and immoral, and such conduct merits an award of punitive damages against her.

11

WHEREFORE, Plaintiff, NMN CONSULTANTS, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, PATRICE PASH, on Count III of this Complaint in an amount proven at trial, plus an award of punitive damages, plus costs and such further relief as the Court deems necessary and appropriate under the circumstances.

## COUNT IV
### Conspiracy to Breach Fiduciary Duty

1-45.   NMN repeats, incorporates, and realleges the foregoing allegations contained in Paragraph Nos. 1 – 45 of Count III as and for Paragraph Nos. 1 – 45 of this Count IV as if fully set forth herein.

46.   Upon information and belief, at all relevant times, pursuant to an agreement between UCIC and Pash, UCIC planned, encouraged, and acted in concert with Pash in connection with all the previously alleged misconduct of Pash during and after her employment with NMN.

47.   Upon information and belief, at all relevant times, UCIC and its management, employees, and representatives knew or should have known that Pash's conduct meant she had breached her fiduciary duties owed to NMN.

48.   Pash is presently employed with UCIC and serves as its Chief Operating Officer and as one of its consultants.

49.   Upon information and belief, UCIC is benefiting and profiting from Pash's breaches of fiduciary duty.

50.   As a direct and proximate result of the conspiracy between UCIC and Pash to breach Pash's fiduciary duties owed to NMN and their actions taken in furtherance of said conspiracy, NMN has suffered damages and is likely to suffer additional damages in the future.

71170791v1 0968037

51.     The conspiracy between UCIC and Pash to breach fiduciary duties of loyalty owed to NMN and the actions taken by them in furtherance of said conspiracy were wilful, wanton, and immoral, and such conduct merits an award of punitive damages against them.

WHEREFORE, Plaintiff, NMN CONSULTANTS, LLC, respectfully requests that this Court enter judgment in its favor and against Defendants, PATRICE PASH and URGENT CARE INTEGRATED CONSULTING, LLC, in an amount to be proven at trial, plus punitive damages, and award all further and other relief the Court deems just and appropriate.

## COUNT V
### Constructive Fraud

1-51.     NMN repeats, incorporates, and realleges the foregoing allegations contained in Paragraph Nos. 1 – 51 of Count IV of this Complaint as and for Paragraph Nos. 1 – 51 of this Count V as if fully set forth herein.

52.     As a result of the services to NMN for which Pash was hired, Pash received a salary of $7,036.55 per month during the time period that Pash was actively breaching her fiduciary duties owed to NMN.

53.     Pash participated in a profit-sharing program of NMN's affiliated companies and received compensation through said profit-sharing program during the time period that Pash was actively breaching her fiduciary duties of loyalty to NMN.

54.     Despite taking actions detrimental to NMN and its affiliated companies while employed with and acting as agent for NMN, Pash has retained all such salary, profit-sharing distributions, and benefits paid to Pash or on behalf of Pash throughout the time period that Pash was breaching her fiduciary duties to NMN.

71170791v1 0968037

55.     Upon information and belief, Pash has benefited from her aforesaid breaches of fiduciary duty, including, but not limited to, receiving payment, promises of employment, or other benefits from third-parties in exchange for breaching her fiduciary duties to NMN.

56.     Upon information and belief, UCIC has benefited and profited from Pash's aforesaid breaches of fiduciary duty and the conspiracy to breach the same.

57.     It is inequitable for Pash to retain the salary, profit-sharing, and other benefits paid to her for acting as agent of NMN for the time period she was secretly and actively breaching her fiduciary duties of loyalty to NMN, and it is inequitable for Pash to retain any other payments, profits, or benefits she received in exchange for or as a result of breaching her fiduciary duties to any of them.

58.     It is inequitable for UCIC to retain the profits it obtained as a result of Pash's breaches of fiduciary duty owed to NMN, along with any other benefits it obtained through its conspiracy with Pash to breach said fiduciary duties.

59.     The aforementioned facts require the imposition of a constructive trust against the property of Pash and UCIC.

WHEREFORE, Plaintiff, NMN CONSULTANTS, LLC, respectfully requests that this Court enter judgment in their favor and against Defendants, PATRICE PASH and URGENT CARE INTEGRATED CONSULTING, LLC, on Count V of this Complaint and enter an Order imposing a constructive trust upon them and their property for the benefit of Plaintiff in the amount of the funds wrongly gained or retained by them in an amount to be proven at trial, awarding Plaintiff its costs, and awarding such further relief as the Court deems necessary and appropriate under the circumstances.

71170791v1 0968037

## Jury Demand

Plaintiff, NMN Consultants, LLC, demands trial by jury on all issues triable to a jury in this case.

Dated:  June 22, 2015

Attorneys for Plaintiffs,
NMN CONSULTANTS, LLC,

HINSHAW & CULBERTSON LLP

By:  /s/ Thomas J. Lester
      Thomas J. Lester

Thomas J. Lester
Devin B. Noble
Hinshaw & Culbertson LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
Telephone: 815-490-4900
Facsimile: 815-490-4901
tlester@hinshawlaw.com
dnoble@hinshawlaw.com

71170791v1 0968037